IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ESTATE OF MYRA SUE LOWRY**                      **PLAINTIFF**

**VERSUS**                      **CAUSE NO.:**    1:23cv325 HSO-RPM

**STATE FARM FIRE AND
CASUALTY COMPANY**                      **DEFENDANT**

## NOTICE OF REMOVAL

TO:    Honorable Judges of the United States District Court
        for the Southern District of Mississippi, Southern Division

**COMES NOW**, the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, would respectfully show this Court as follows:

I.

Plaintiff filed its Complaint against the Defendant on October 25, 2023, in the Circuit Court of Harrison County, Mississippi, said action being designated as *Estate of Myra Sue Lowry v. State Farm Fire and Casualty Company*, Civil Action No. A2401-23-328 (hereinafter referred to as the "State Court Action").

II.

State Farm was served with the Summons and Complaint through its registered agent on October 30, 2023. A copy of the Complaint filed in the Circuit Court of Harrison County, Mississippi, is attached hereto as Exhibit "A," pursuant to 28 U.S.C. § 1446.

### III.

Pursuant to 28 U.S.C. § 1446(b), the Defendant filed this Notice of Removal within thirty (30) days of being served with Plaintiff's original Complaint in the State Court Action, which was the first pleading received by the Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based.

### IV.

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

## PARTIES

### V.

In its Complaint, the Plaintiff states it is "an estate created on behalf of Myra Sue Lowry, deceased. Letters of Administration were issued to Lisa Dedeaux as Administratrix of the Estate of Myra Sue Lowry." *See* Exhibit "A" at ¶ 2. The Complaint further states that Myra Lowry died on August 13, 2022 "while a resident of Harrison County" with "her primary residence" being 1600 Wisteria Street in Gulfport, Mississippi. *See* Exhibit "A" at ¶ 16. The Complaint adds that, on October 17, 2023, "the Estate of Myra Sue Lowry was created (Cause No. 23-cv-01935-JP)." *See* Exhibit "A" at ¶ 17. In said action, the chancellor entered an order opening the estate and authorizing Lisa Dedeaux to serve as administratrix and pursue the instant lawsuit. *See* Order Opening Estate, attached hereto as Exhibit "B." Letters of Administration were also granted to Ms. Dedeaux. *See* Letters of Administration,

attached hereto as Exhibit "C." Section 1332(c)(2) states, "[f]or the purposes of this section and section 1441 of this title … the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Because Myra Sue Lowry was a citizen of the State of Mississippi, her Estate and the Estate's representative are also deemed to be a citizen of the State of Mississippi. *Benefield v. Estate of Lockhart*, 2015 WL 13622317, *2 (S.D. Miss. July 31, 2015).

## VI.

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

## **DIVERSITY OF CITIZENSHIP**

## VII.

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. § 1332. As required by the first prong of 28 U.S.C. § 1332, there is complete diversity of citizenship between the properly joined parties. Plaintiff, Estate of Myra Sue Lowry, is a citizen of the State of Mississippi, and State Farm is a citizen of the State of Illinois.

## **AMOUNT IN CONTROVERSY**

## VIII.

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs. In its Complaint, Plaintiff alleges

that Hurricane Zeta caused "significant damage" to the Plaintiff's property. *See* Exhibit "A" at ¶ 8. Plaintiff further alleges that she obtained an estimate that documented "$169,370.15 in damages" to its property. *See* Exhibit "A" at ¶ 13. Plaintiff additionally claims that State Farm is "liable for bad faith penalties." *See* Exhibit "A" at ¶ 37. Plaintiff's Complaint then provides a "non-exclusive" list of sought extracontractual damages for State Farm's alleged "bad faith" and "bad acts." *See* Exhibit "A" at ¶¶ 42, 44.

## IX.

Given the nature and extent of Plaintiff's allegations regarding its contractual claim, as well as its claim for alleged "bad faith" and related damages including "mental anguish" and "attorney's fees," the "matter in controversy" clearly exceeds the $75,000.00 jurisdictional limit of this Court. *Chambley v. Employers Ins. of Wassau*, 11 F.Supp.2d 693, 695 (S.D. Miss. 1998) ("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits"). *See also Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages (and accompanying attorney's fees and prejudgment interest) ….") (emphasis added).

**X.**

If Plaintiff can prove that State Farm lacked a legitimate and arguable basis for its conduct in the handling of its claims, as it asserts, then extracontractual types of damages would be potentially recoverable, and those damages, if awarded, would likely exceed the jurisdictional minimum of this Court when added to any contractual recovery. *See e.g.*, *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290, 295 (Miss. 1992) (mental anguish damages and attorneys' fees permitted on showing of gross negligence or malice even though acts do not rise to the level of warranting punitive damages); *United Services Auto. Ass'n (USAA) v. Lisanby*, 47 So.3d 1172, 1178, ¶18 (Miss. 2010). As such, State Farm submits that the combination of damages claimed and the causes of action asserted bring the "matter in controversy" above the $75,000.00 jurisdictional minimum threshold of this Court.

## **CONCLUSION**

**XI.**

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiffs' counsel as required by law. Further, a complete copy of the state court record is attached hereto as Exhibit "D."

## XII.

Pursuant to the requirements of 28 U.S.C. § 1446(b), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Harrison County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendant, State Farm Fire and Casualty Company, respectfully submits this Notice of Removal from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division.

**DATED:** November 21, 2023.

    Respectfully submitted,

    BRYAN, NELSON, SCHROEDER,
    CASTIGLIOLA & BANAHAN, PLLC
    Attorneys for Defendant,

    STATE FARM FIRE AND CASUALTY COMPANY

    BY: /s/ Michael R. Moore
        **JOHN A. BANAHAN (MSB 1731)**
        **MICHAEL R. MOORE (MSB 104505)**

**BRYAN, NELSON, SCHROEDER,**
**CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email: john@bnscb.com
Email:   michael@bnscb.com

## CERTIFICATE OF SERVICE

I, **MICHAEL R. MOORE**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date sent by electronic mail a true and correct copy of the forgoing Notice of Removal to:

Jason Webster
WEBSTER VICKNAIR MACLEOD
6200 Savoy Drive, Suite 150
Houston, Texas 77036
jwebster@wvmlaw.com
hurricane@thewebsterlawfirm.com

**DATED:** November 21, 2023.

BY: /s/ Michael R. Moore
**MICHAEL R. MOORE (MSB 104505)**

**BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email:  michael@bnscb.com